```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SAYED H. HESSAM, *pro se*,                :
                                          :         **SUMMARY ORDER**
                        Plaintiff,        :
                                          :         07-CV-2231 (DLI)(LB)
        -against-                         :
                                          :
ROBERT M. GATES,                          :
in his official capacity as Secretary of Defense, :
                                          :
                        Defendant.        :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff Sayed Hessam brought the instant action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*, alleging that he was discriminated against on the basis of his religion, gender and national origin. Specifically, Plaintiff claims that he was wrongfully terminated in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Docket Entry No. 23 ("Am. Compl.") at 4.) Before the court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (*See generally* Docket Entry No. 38 ("Def. Mot.").) For the reasons set forth below, Defendant's motion is granted and the action is dismissed in its entirety.

---

[1] The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

## BACKGROUND[2]

Plaintiff was terminated from his employment with the Army and Air Force Exchange Service ("AAFES") at Aviano Air Base, Italy, in April 2005, due to numerous reports of domestic violence and his violation of a local protection order. Plaintiff appealed his termination via AAFES' internal grievance process, and was reinstated on November 28, 2005.

On January 12, 2006, Plaintiff contacted an EEOC counselor about the allegedly discriminatory nature of his April 2005 termination. (*See generally* Docket Entry No. 38 ("Lynch Decl."), Ex. 12.) On March 15, 2006, Plaintiff received from the EEOC counselor a "Notice of Right to File a Discrimination Complaint," which stated that his complaint "must be . . . signed and dated and **filed within 15 calendar days** after receipt of this notice . . . ." (*Id.*, Ex. 13 (emphasis in original).) Plaintiff simultaneously received a blank "Complaint of Discrimination" form, which similarly contained language indicating that any discrimination complaint "must be filed within **15 calendar days** of the date you receive the Notice of Right to file . . . ." (*Id.*, Ex. 3 at 2 (emphasis in original).) Plaintiff signed the Complaint of Discrimination form ten days later, on March 25, 2006. (*See id.*) However, it was not postmarked until April 17, 2006—thirty-two calendar days after Plaintiff had received the aforementioned notice of his right to file. (*See id.*, Ex. 14.) The AAFES EEOC office did not receive the Complaint of Discrimination form until April 21, 2006. (*See id.*, Ex. 15 at 1; *see also id.*, Ex. 3 at 1.)

On May 1, 2006, an AAFES EEOC Complaints Manager sent Plaintiff a letter informing him that his Complaint of Discrimination was untimely because it had not been filed within the

---

[2] The following facts are all drawn from Defendant's Local Civil Rule 56.1 statement, which Plaintiff does not contest. (*See generally* Docket Entry No. 40.)

2

aforementioned fifteen-day period following his notice of right to file.[3] The letter requested that Plaintiff address this deficiency within ten calendar days. (Lynch Decl., Ex. 16.) Plaintiff failed to do so, and the Complaints Manager sent a follow-up letter reiterating the request on June 1, 2006. (*Id.*, Ex. 17.) Plaintiff responded to this second request on June 21, 2006, stating that, notwithstanding the April 17, 2006 postmark date, he had in fact mailed the Complaint of Discrimination on March 26, 2006, the day after he had signed it and eleven days after he received notice of his right to file. (*See* Lynch Decl., Ex. 18.) The AAFES EEOC rejected this explanation in a letter dated August 2, 2006, informing Plaintiff that, in the absence of evidence that he had filed in a timely manner, his Complaint of Discrimination was "dismissed pursuant to 29 C.F.R. § 1614.107(a)(2) for failure to file . . . within 15 days of receiving the Notice of Right to File . . . ." (*Id.*, Ex. 19 at 2.) Plaintiff appealed this dismissal (*see generally id.*, Ex. 20), and the EEOC affirmed on February 28, 2007. (*See generally id.*, Ex. 21.) Plaintiff then filed the instant action on May 30, 2007. (*See generally id.*, Ex. 22.)

## DISCUSSION

"A plaintiff may bring an employment discrimination action under Title VII . . . only after filing a timely charge with the EEOC . . . ." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82–83 (2d Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)); *see also Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998). To be timely, an EEOC complaint such as Plaintiff's must "be filed within 15 days of receipt of the notice [of right to file]." 29 C.F.R. § 1614.106(b). As the government correctly notes, "[t]his 15-day rule functions as a statute of limitations, in that a plaintiff's failure

---

[3] (*See id.*, Ex. 16 (citing 29 C.F.R. § 1614.106(b).) The letter also stated that the Discrimination Complaint was untimely because Plaintiff had not initiated contact with the EEOC counselor within forty-five days of the alleged discriminatory conduct, as required by 29 C.F.R. § 1614.105(a)(1). However, this tardiness was subsequently excused by the EEOC, and has no bearing on the instant action. (*See* Lynch Decl., Ex. 18; *see also id.*, Ex. 19 at 2.)

to timely file an EEOC complaint bars any subsequent civil action for the discriminatory conduct at issue in that complaint." (Docket Entry No. 41 ("Mem. in Supp. of Summ. J.") at 6 (citing *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001)).)

"Although [the] time period[] may be equitably tolled where a plaintiff has acted diligently and extraordinary circumstances prevented her from timely filing, the plaintiff has the burden of 'establishing the appropriateness of equitable tolling.'" *Popa v. PricewaterhouseCoopers LLP*, 2009 WL 2524625, at *5 (S.D.N.Y. Aug. 14, 2009) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (citations and internal quotation marks omitted).

Here, the record is clear that Plaintiff failed to file his Complaint of Discrimination within the EEOC's requisite 15-day period following the March 15, 2006 notice of his right to do so. (*See* Lynch Decl., Ex. 14 (postmark date of April 17, 2006); *see also id.*, Ex. 3 at 1 (stamped "Received APR 21 2006 AAFES EEO").) Acknowledging the delay, Plaintiff now maintains that "from March 16, 2006 until April 16, 2006, [he] was being treated for a severe depression which was caused by constant retaliation [by his AAFES superiors]. This treatment caused a delay in filing the [D]iscrimination Complain[t] within the 15 Calendar days from the original date of March 15, 2006." (Docket Entry No. 42 ("Resp.").) The court construes this as a request to apply equitable tolling to the filing of the EEOC Complaint of Discrimination, and declines to do so for two reasons.

First, Plaintiff has not met his "burden of establishing the appropriateness of equitable tolling." *Boos*, 201 F.3d at 185. Other than his own self-serving claim of severe depression, Plaintiff has not provided any evidence of circumstances "so extraordinary that [equitable tolling] should apply," such as medical records, or a sworn affidavit from a neutral third party. *Zerilli-Edelglass*, 333 F.3d at 80–81. Indeed, Plaintiff's claim is belied by the record, as he made no mention of "severe depression" in his letter of June 21, 2006, when it would have been in his obvious interest to do so. (*See* Lynch Decl., Ex. 18 (justifying lateness by simply stating that he "dropped [the Discrimination Complaint] in the mail Box on 26 of March 06" [*sic*]).)

Second, even if Plaintiff had met his burden of demonstrating severe depression during the relevant time period, he gives no indication of how he nevertheless "acted with reasonable diligence" to timely file his complaint. *Zerilli-Edelglass*, 333 F.3d at 80–81. There is no evidence that Plaintiff asked his EEOC counselor for assistance in mailing his complaint, for example, or requested an extension from AFFES. In sum, because Plaintiff failed to timely file his claim with the EEOC, and further failed to meet his burden of demonstrating why the statutory period should be equitably tolled, Defendant is entitled to judgment as a matter of law.

## CONCLUSION

Defendant's summary judgment motion is granted and the instant action is dismissed, with prejudice, in its entirety.

SO ORDERED.

DATED:   Brooklyn, New York
         September 28, 2010

                              /s/                         
                        DORA L. IRIZARRY
                     United States District Judge